UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTAVIAS T EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-207 |
| | § | |
| TEXAS BOARD OF PARDONS AND PAROLES, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff is an inmate in the Texas Department of Criminal Justice-Institutional Division, currently incarcerated at TDCJ-CID's Coffield Unit in Tennessee Colony, TX.[1] Proceeding *pro se*, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging he has been denied access to documents necessary to challenge his parole revocation.

Pending is Plaintiff's Motions for Extension of Time to File Amended Complaint and for Appointment of Counsel and Plaintiff's Renewed Motion for Discovery. (D.E. 14 and D.E. 15). These Motions are **DENIED**. A hearing was held on June 25, 2015, and Plaintiff was given sixty (60) days to file an amended complaint. Therefore, Plaintiff's request for an extension of time is unnecessary as he has already been granted additional time to file an amended complaint. Plaintiff shall file his amended complaint on or before **Tuesday, August 25, 2015.**

---

[1] At the time of filing, Plaintiff was incarcerated at the McConnell Unit in Beeville, TX.

Additionally, there is no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). Plaintiff has not shown that his case presents any exceptional circumstances warranting the appointment of counsel at this time. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982). This case is not overly complex; Plaintiff's pleadings demonstrate he is reasonably articulate and intelligent and Plaintiff was able to effectively communicate with the undersigned at a hearing held on June 25, 2015 all of which demonstrate Plaintiff is capable of adequately presenting and investigating this case; and, as this case is not yet set for trial, there is no indication that appointed counsel would aid in the efficient and equitable disposition of this case and it is premature to consider whether skill will be required to present evidence and cross examine witnesses. *Id*. at 212-13. Further, as the Court has authority to award attorney fees to a prevailing Plaintiff pursuant to 42 U.S.C. § 1988, Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Therefore, Plaintiff's motion for appointment of counsel is **DENIED** without prejudice at this time. This Order will be *sua sponte* reexamined on this issue as the case proceeds.

Lastly, Plaintiff again requests discovery and also requests a hearing. After the Plaintiff files his amended complaint, the Court may again set the case for another telephonic screening hearing if needed. As to discovery, if the Court determines Plaintiff has stated a non-frivolous claim for relief, the Court will order service on the defendant or defendants. The Court will then enter a scheduling order which will set deadlines for motions and discovery. If service is ordered, Plaintiff shall submit discovery requests to

the defendant's attorney and shall not file discovery requests with the Court. Motions for discovery should only be filed after opposing counsel has had an opportunity to respond to the discovery request and the parties have attempted to resolve the dispute before seeking a ruling from the Court. Given the above, Plaintiff's request for discovery and for a hearing are **DENIED**.

ORDERED this 15th day of July, 2015.

_____
Jason B. Libby
United States Magistrate Judge