United States District Court
Southern District of Texas
**ENTERED**
January 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTAVIAS T EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-207 |
| | § | |
| TEXAS BOARD OF PARDONS AND | § | |
| PAROLES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CERTAIN CLAIMS AND
## <u>TO RETAIN EXCESSIVE FORCE CLAIM</u>

Plaintiff is a Texas state prisoner appearing *pro se* and *in forma pauperis*.  Plaintiff

initially filed this case on May 1, 2015, as a letter with the Court requesting an order

compelling the Texas Board of Pardons and Paroles to provide him with the transcripts

and evidence used at his parole revocation proceeding and to preserve evidence.  (D.E.

1).  On June 25, 2015, a *Spears*[1] hearing was held and Plaintiff explained that his claims

involve the revocation of his parole based on allegations he unlawfully solicited a minor.

Plaintiff was allowed to amend his complaint to more clearly set forth his claims.  (D.E.

12).   Plaintiff filed an amended complaint on August 31, 2015.    (D.E. 19).    In the

amended complaint, Plaintiff names twenty-nine defendants who were either involved in

his arrest, criminal investigation, prosecution, parole revocation or otherwise had an

---

[1]  *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996)
(stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

encounter with Plaintiff.   In making this recommendation, the undersigned has applied the lenient standards for *pro se* litigants and has accepted Plaintiff's allegations as true. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's excessive force claim against Officer Blind with the Aransas County Detention Center be retained and service ordered on this defendant.  It is respectfully recommended further that Plaintiff's remaining claims against the remaining twenty-eight (28) defendants be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.    JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 for case management and making recommendations on dispositive motions.[2]

## II.    BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and he is currently confined at the Coffield Unit in Tennessee Colony, Texas.  Plaintiff is serving a thirty-eight (38) year sentence for burglary of a vehicle.  In this action, Plaintiff is challenging: (1) his arrest by Rockport police in 2012; (2) his April 2013 Aransas County, Texas arrest for soliciting a minor, a

---

[2] *See* Special Order No. C-2015-1 on file with the District Clerk.

criminal charge that was later dismissed; (3) the March 2015 revocation of his parole; (4) the restriction of phone privileges by Aransas County Detention Center officials; (5) the denial of access to the courts by Aransas County Detention Center  officials; (6) the denial of his right to practice his Muslim faith by Aransas County Detention Center officials; and (7) excessive force by Aransas County Detention Center Officer Bland. (*See* D.E. 1, 19).

*Spears* hearings were conducted on June 25, 2015 and October 30, 2015 at which the Plaintiff appeared and testified by telephone.  The following allegations were made in Plaintiff's original complaint (D.E. 1), amended complaint (D.E. 19), or at the hearings:

### A.    2012 Rockport arrest.

In 2012, Defendant Officer Rawlins (or Rollins) arrested Plaintiff for a traffic citation that Plaintiff had already paid.  Officer Rawlins drove Plaintiff to the county-line where San Patricio officers arrested him on a parole violator's warrant.  This arrest then set in motion problems with Plaintiff's parole, and he was sent to a parole violators' facility for six months, all arising from the initial traffic citation.  Plaintiff is suing Officer Rawlins because he allegedly knew that Plaintiff had paid the traffic citation, but he arrested him anyway and released him to San Patricio County officials, in violation of Plaintiff's due process rights.  Plaintiff is also suing Tim Jayroe, the Chief of Police for the City of Rockport, alleging that this defendant also knew that Plaintiff had settled the traffic violation such that his arrest was without due process.  Plaintiff has also named as a defendant the City of Rockport Police Department.

**B.      August 2013 arrest.**

In August 2013, Plaintiff was working in Rockport at the Aransas County Road and Bridge Engineering Department.  On August 29, 2013, he arrived at work and was arrested for soliciting a minor by Aransas County Sheriff Deputies, Officer Matthew Downen and Officer John Doe Number 1.  The charge had been filed by his ex-girlfriend concerning her minor daughter after Plaintiff had reported the girlfriend to the Texas Department of Family and Protective Services for doing drugs with the daughter.  The complainants are named as defendants and are identified by Plaintiff as Gail Brister and Virginia M. Gonzales, both of Rockport, Texas.

Following Plaintiff's arrest, Deputy John Doe Number 2 with the Aransas County Sheriff's Department, took Plaintiff's sworn statement.  Magistrate Judge Jane Doe arraigned Plaintiff and she appointed counsel to assist him in his defense.  Plaintiff was represented by various Public Defenders in the solicitation of a minor criminal action, including attorneys Patricia Beaton, Reese Rozzell, Rick Holstein, Rick Rogers, and the Aransas County Public Defenders' Office.  Plaintiff claims that all of his court-appointed attorneys "intentionally worked against him," despite the fact that the prosecution eventually dismissed the criminal charge against him.  Plaintiff has also named as a defendant the State Bar of Texas.

Defendant Rodney Cox is an investigator the trial court appointed to assist Plaintiff and his criminal defense attorneys in the criminal case.  Plaintiff alleges Investigator Cox discovered exculpatory evidence but failed to share it with Plaintiff or

the trial judge.  Plaintiff alleges these failures amount to an actionable violation of Plaintiff's due process rights.

The prosecutors in Plaintiff's criminal case were Michael Welborn, the Aransas County District Attorney, Marcelino Rodriguez, an Aransas County Assistant District Attorney, and Prosecutor John Doe, a former prosecutor for Aransas County.  Plaintiff alleges these defendants withheld evidence and caused Plaintiff to remain in custody illegally from his arrest on August 29, 2013, until the charges were dismissed on February 19, 2015, thus denying him due process for 18 months.

### C.   2015 parole hearing.

In March 2015, Plaintiff went before the Parole Board  in  Aransas  County  for  a parole revocation hearing.  Plaintiff was not represented by an attorney at the hearing. Plaintiff alleges his parole officer, Janet Reaves, committed perjury with the intention of keeping Plaintiff in prison.  Plaintiff further alleges Ms. Reaves altered paperwork to show that Plaintiff had committed more crimes, such as public intoxication and theft. Plaintiff has a copy of Ms. Reaves' report and he alleges that she "basically re-did all the paperwork his old parole agent did."  Plaintiff was able to object to the contents of the report at the hearing.  Plaintiff claims Parole Officer Collins, with the Corpus Christi Office, approved Officer Reaves' false reports and failed to verify the accuracy of the statements therein in violation of Plaintiff's due process rights.  Hearing Officer Anthony LNU revoked Plaintiff's parole.  Plaintiff is also suing Ms. Rissie Owens, Chair of the Texas Board of Pardons and Paroles, alleging that as chair of the department, she had a duty to ensure that her subordinates followed the law and did not violate the

constitutional rights of parolees.   He is also suing the Texas Board of Pardons and Paroles.

### D.    Aransas County Detention Center.

While confined at the Aransas County Detention Center, Deputy Cortez placed a block on Plaintiff's telephone privileges and would not let him place a call without preapproval.   Plaintiff believes requiring pre-approval for inmate telephone calls is not contained in any Aransas County Detention Center policy.   Plaintiff further alleges Officer Caparazzi and Officer Kemp opened Plaintiff's mail, including his legal mail, and after he complained, they seized his legal work for some time, delaying the date on which he filed this lawsuit.   Plaintiff admits he was not prejudiced in this or any other pending litigation.   Plaintiff alleges further unidentified Aransas County Detention Center kitchen staff fed him meals during daylight hours thereby denying Plaintiff the right to fast during Ramadan.

On a date uncertain but while in Aransas County Detention Center custody, Plaintiff pushed the call button to indicate that he had finished his recreation time. Plaintiff alleges Officer Blind responded to Plaintiff's call by shoving Plaintiff's arms high up into the air, twisting his arms, and taking him down to the ground.   Plaintiff was then escorted to medical where he was treated for lacerations where Officer Blind's nails had dug into his skin.   In addition, Plaintiff's left arm was immobile for three weeks. Plaintiff claims he neither resisted Officer Blind nor did anything to provoke the assault. Plaintiff alleges that the incident was not documented in a use of force report.   Plaintiff further alleges Aransas County Detention Center supervisors, including Sheriff Bill Mills,

failed to do anything to assist Plaintiff, in violation of Plaintiff's right to be free from excessive force.  Plaintiff is also suing the Aransas County Detention Center.

## III.   LEGAL STANDARD.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted.  42 U.S.C. § 1997e(c)(2).  "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

## IV.   DISCUSSION.

Plaintiff's testimony at the *Spears* hearings revealed that his primary complaint is that he was charged in August 2013 with solicitation of a minor, a criminal action that was later dismissed, but this arrest set into motion a chain of events that resulted in his parole being revoked.  He alleges that his due process rights were violated throughout the arrest and revocation process by numerous officials, and that his constitutional rights were violated while detained at the Aransas County Detention Center.

### A.       2012 Rockport arrest.

Plaintiff has sued the City of Rockport Police Department,[3] Officer Rawlins (or Rollins), and Rockport Chief of Police Tim Jayroe alleging these defendants violated his due process rights when they arrested him in Rockport in 2012 on a traffic violation that had already been paid, and then delivered him "over the county-line" to San Patricio County officials on a parole violator's warrant.  Plaintiff does not dispute the existence of the parole violator's warrant.  Plaintiff's allegations, taken as true, that he was taken into custody and transferred to other law enforcement officials, fails to state a cognizable § 1983 violation.

Moreover, even if Plaintiff could establish his arrest was unlawful, this claim is also time barred.  Plaintiff does not provide an exact date of the arrest.  Even if the arrest was sometime in late December 2012, thus giving Plaintiff the benefit of the doubt for most of 2012, Plaintiff's claims related to this arrest are barred by limitations.

In the 42 U.S.C. § 1983 context, a federal court "borrows" a statute of limitations from the forum state's general personal-injury limitations provision.  *See Jacobsen v. Osborne,* 133 F.3d 315, 319 (5th Cir. 1998).  In Texas, that period is two years.  *Hitt v. Connell,* 301 F.3d 240, 246 (5th Cir. 2002).   A federal court also gives effect to the state's tolling provisions.  *Slack v. Carpenter,* 7 F.3d 418, 419 (5th Cir. 1993).  ("[A] § 1983 action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of the action."  *Harris v. Hegmann,* 198 F.3d 153, 157 (5th Cir. 1999).

---

[3]  A department of a municipality is not a "person" for purposes of § 1983 liability, and is therefore not an appropriate party.  *See Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313-14 (5th Cir. 1991).  Therefore, it is assumed that Plaintiff intended to sue the City of Rockport.

Plaintiff filed his original complaint on May 7, 2015.  Any claim that he may have had related to a 2012 arrest is clearly barred by limitations, and Plaintiff has offered no reason to suggest that tolling would apply.  Thus, it is respectfully recommended that Plaintiff's claims related to the 2012 Rockport arrest and these defendants be dismissed with prejudice.

### B.      2013 arrest and prosecution.

Plaintiff contends that his arrest on August 29, 2013 was based on false accusations, that the State prosecutors knew the evidence was false, that the magistrate judge and the state court judge denied him due process, and that his defense lawyers and defense investigator intentionally worked against him.  Plaintiff testified that the criminal case against him was finally dismissed on February 19, 2015 upon "the wishes of the complainant."

### (1)     Judicial immunity.

Plaintiff has sued Magistrate Judge Jane Doe, the judge who presided at his arraignment following his August 29, 2013 arrest, and Judge Jana Whatley, the judge that presided over his dismissed criminal proceeding.  Both of these defendants are entitled to absolute judicial immunity.  *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985) (noting that "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action").  Judicial officers are entitled to absolute immunity from claims for damages arising out of acts performed in exercise of their judicial functions.  *Graves v. Hampton*, 1 F.3d 315, 317 (5th Cir. 1993).  Indeed, the alleged magnitude of the judge's alleged errors or the mendacity of his or her acts is

irrelevant. *Young v. Biggers*, 938 F.2d 565, 569 n. 5 (5th Cir. 1991). Judicial immunity can be overcome only by showing that the actions complained of were nonjudicial in nature or by showing that the actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). A judge's actions are judicial in nature if they are "normally performed by a judge" and the parties affected "dealt with the judge in his judicial capacity." *Mireles*, 502 U.S. at 11 (internal quotation omitted).

Plaintiff's allegations against Magistrate Judge Jane Doe and Judge Whatley relate only to their conduct and involvement with Plaintiff as it concerned the criminal charge against him. Because these defendants acted solely within their judiciary roles in dealing with Plaintiff, they are entitled to absolute immunity. Thus, it is respectfully recommended that Plaintiff's claims against these defendants be dismissed with prejudice.

> *(2)    Prosecutors.*

Plaintiff has sued Prosecutor John Doe, a former Aransas County prosecutor, Rockport District Attorney Welborn, and Rockport Assistant District Attorney Rodriguez alleging that they engaged in malicious prosecution because they knew the evidence against him was false.

Criminal prosecutors also enjoy absolute immunity from claims for damages asserted under §1983 for actions taken in the presentation of the State's case. *Graves,* 1 F.3d at 318. The Supreme Court has also noted:

> [A]cts undertaken by the prosecutor in preparing for the
> initiation of judicial proceedings, or for trial, and which occur in the
> course of his role as an advocate for the State, are entitled to the

> protections of absolute immunity. Those acts must include the
> professional evaluation of the evidence assembled by the police and
> appropriate preparation for its presentation at trial....

*Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).  Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process.  *Graves*, 1 F.3d at 318.  This broad immunity applies even if the prosecutor is accused of knowingly using perjured testimony.  *Id.* at 318, n. 9; *see also Brummett v. Camble*, 946 F.2d 1178, 1181 (5th Cir. 1991) (concluding that state prosecutors were absolutely immune from a § 1983 action predicated on malicious prosecution), *cert. denied*, 504 U.S. 965 (1992); Ashelman *v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986) (en banc) ("[A] conspiracy between judge and prosecutor to predetermine the outcome of a judicial proceeding, while clearly improper, nevertheless does not pierce the immunity extended to judges and prosecutors.").

Plaintiff is complaining of the actions of the prosecutors solely in their role as state prosecutors within the scope of his criminal trial.  Plaintiff fails to allege any facts that would void their immunity, and therefore, Plaintiff's claims against these defendants are properly dismissed as frivolous and for failure to state a claim.

(3)   *Plaintiff's criminal defense team.*

Plaintiff has sued his four criminal defense attorneys alleging that each of these individuals actively worked against him.  Plaintiff's allegations amount to ineffective assistance of counsel claims.  However, Plaintiff's criminal defense attorneys, whether court-appointed or retained, are not state actors for purposes of 42 U.S.C. § 1983 liability.

*Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).   Thus, Plaintiff fails to state a claim upon which relief can be granted against defendants Rogers, Beaton, Rozzell, and Holstein.   To the extent Plaintiff has sued the Aransas County Public Defenders' Office, this department of Aransas County is not a proper defendant, *id.*, *Darby,* and Plaintiff failed to raise any allegations of municipal liability against Aransas County based on the policies and practices of its Public Defenders' Office.   Therefore, Plaintiff's claims against his criminal defense attorneys and the Aransas County Public Defenders' Office should be dismissed with prejudice.

Plaintiff has also named Mr. Cox, an investigator appointed by the state trial court to assist in the representation of Plaintiff in his criminal case.   Plaintiff testified Mr. Cox lost evidence and lied about giving evidence to Judge Whatley.   However, even if true, members of Plaintiff's criminal defense team, whether court-appointed or retained, are not state actors for purposes of 42 U.S.C. § 1983 liability.   *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988).   Therefore, it is respectfully recommended that Plaintiff's claims against Mr. Cox be dismissed with prejudice for failure to state a claim and/or as frivolous.

(4)    *Complainants.*

Plaintiff has sued two private individuals, Gail Brister and Virginia Gonzales, identified by Plaintiff as the complainants who made the false accusations against him to support the solicitation of a minor charge.   However, private citizens are not state actors and have absolute immunity based on their testimony in a criminal trial.   *See Mowbray v.*

*Cameron County,* 274 F.3d 269, 277 (5th Cir. 2001), *cert. denied,* 533 U.S. 1055 (2002). Thus, it is respectfully recommended that Plaintiff's claims against witnesses Brister and Gonzales be dismissed with prejudice.

   *(5)    Arresting officers.*

   Plaintiff has sued Officer Matthew Downen and Officer John Doe, deputies with the Aransas County Sheriff's Department, because they arrested him on August 29, 2013. He does not allege any Fourth Amendment illegal search or seizure claims or Eighth Amendment claim of excessive force, nor does he claim that these officers knew or should have known that the complainants had lied and the arrest warrant was based on false testimony.  As such, these officers are entitled to immunity in their roles in simply arresting Plaintiff.  *See Freeman v. County of Bexar,* 210 F.3d 550, 555-56 (5th Cir. 2000) (finding it reasonable for arresting officer to rely on arrest warrant such that he is entitled to qualified immunity).  In addition, Plaintiff has sued Officer John Doe Number Two for taking his statement after his arrest.  This allegation does not state a constitutional violation.  Plaintiff has failed to allege any valid, constitutional claims against the ACDC arresting/intake officers.

   **C.    2015 parole hearing.**

   Plaintiff claims his due process rights were violated at his March 2015 parole hearing because his parole officer, Janet Reaves, altered his paperwork to suggest that he had committed more crimes and gave false testimony at the hearing.  Plaintiff further claims supervisory parole officer Collins approved the falsified paperwork without investigation, and that the parole hearing officer, Anthony LNU, revoked his parole based

on this false information.  He is also suing the Texas Board of Pardons and Paroles, and Ms. Rissie Owens, the Chair of the Texas Board of Pardons and Paroles.  While Plaintiff has brought a variety of claims against a number of defendants, the focus of his complaint involves his allegations that the revocation of his parole was fundamentally unfair and a miscarriage of justice.

Plaintiff's attempt to recover damages for an allegedly unconstitutional revocation of his parole is premature.  Plaintiff will have to successfully challenge his parole revocation through a habeas proceeding before he may bring a civil rights action complaining about the parole revocation proceedings.  Plaintiff's claims seeking damages for the revocation of his parole are barred by the doctrine enunciated by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]."  *Heck*, 512 U.S. at 486-87.  The Fifth Circuit has explained that "[i]t is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted....'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87).  The Heck doctrine also operates to bar prisoners from challenging the revocation of their parole through a § 1983 action.  *See e.g. Littles v. Bd. of Pardons and Paroles Div.,* 68 F.3d 122, 123 (5th

Cir. 1995); *McGrew v. Texas Bd. of Pardons and Paroles,* 47 F.3d 158, 161 (5th Cir. 1995).

Plaintiff cannot maintain a § 1983 damage claim against any parole board defendant unless or until he has successfully set aside the challenged parole hearing decision.  Plaintiff testified that he has not yet filed a habeas corpus petition challenging that decision.  As such, his claims against these defendants are barred by *Heck,* and it is respectfully recommended that they be dismissed with prejudice.

**D.    Confinement in the Aransas County Detention Center.**

Plaintiff claims that his constitutional rights were violated while confined in the Aransas County Detention Center, and he has sued the Detention Center itself, as well as individual officers and officials.

*(1)    Aransas County Detention Center.*

The Aransas County Detention Center, as a department of Aransas County, is not a proper defendant.  *Darby,* 939 F.2d at 313-14 (5th Cir. 1991).  Therefore, it is assumed that Plaintiff is suing Aransas County.

A municipality will be liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy.  *Monell v. Dep't of Social Services*, 436 U.S. 658, 694 (1978).  *See also Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 166 (5th  Cir. 2010) (noting that a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation).  Liability of a municipality under § 1983 requires proof of three elements: a

policymaker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." *Lawson v. Dallas County*, 286 F.3d 257, 263 (5th Cir. 2002) (quoting *Webster v. City of Houston*, 735 F.2d 838, 841 (5th Cir.1984) (en banc)). There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right. *Id.* at 264. An isolated incident is not sufficient to show a custom. *Bennett v. City of Slidell*, 728 F.2d 762, 768 n. 3 (5th Cir. 1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985).

In this case, Plaintiff fails to offer any evidence to suggest that an official policy or custom of Aransas County was the motivating cause behind the acts of which he complains. For example, he complains that Officer Cortez imposed a preapproval phone-use requirement that "was not part of the (Aransas County Detention Center) policy or practice." He complains that certain individual officers opened and seized his legal mail in violation of policy, that the kitchen staff attempted to prevent him from fasting during Ramadan, and that Officer Blind used excessive force against him. He does not contend that Aransas County had any official custom or policy, and indeed, he is suing the individual officers for constitutional violations. Thus, it is respectfully recommended that his claims against the Aransas County Detention Center be dismissed.

*(2)      Sheriff Bill Mills.*

Plaintiff is suing Sheriff Bill Mills because he is in charge of the Aransas County Detention Center.  "Personal involvement is an essential element of a civil rights cause of action."  *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983).  There is no vicarious or *respondeat superior* liability of supervisors under section 1983.  *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987).  *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials).  For a supervisor to be liable under § 1983, the plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to the plaintiff's constitutional rights. *Roberts v. City of Shreveport,* 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations."  *Rios v. City of Del Rio, Tex.,* 444 F.3d 417, 427 (5th Cir. 2006) (citations omitted).

Plaintiff has failed to allege any personal involvement in the alleged violation of his constitutional rights by Sheriff Mills.  The mere fact that Sheriff Mills oversees the operations at the Aransas County Detention Center is not enough to impose § 1983 liability.   Thus, it is respectfully recommended that Plaintiff's claims against this defendant be dismissed.

*(3)   Pre-approval for phone use.*

Plaintiff claims that Officer Cortez violated his constitutional rights by requiring him to obtain preauthorization or preapproval before making outgoing telephone calls. However, the Supreme Court has held that due process protections are generally limited to freedom from restraints which impose atypical and significant hardships on inmates in relation to ordinary incidents of prison life. *Sandin v. Conner,* 115 U.S. 2293, 2300 (1995). Simply requiring preauthorization to use a phone, but not prohibiting its use, even for a pretrial detainee, does not present the type of atypical hardship that invokes constitutional protections. This allegation fails to raise a constitutional claim, and it is respectfully recommended that it be dismissed with prejudice.

*(4)   Denial of access to the courts.*

Plaintiff is suing Officer Caparazzi and Officer Kemp alleging that they opened his incoming legal mail and, after they discovered that he was attempting to file this § 1983 complaint, they withheld his legal mail, and their actions delayed his filing the instant lawsuit.

Prisoners have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356. *See also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).

Because the right of access is not a "freestanding right," to state a cognizable First Amendment claim, the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts. *Lewis,* 518 U.S. at 351; *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts. *Lewis,* 518 U.S. at 349.

To meet the standing requirement, a plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (quoting *Allen v. Wright*, 468 U.S. 737, 751 (1984). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." *Id.* at 819. In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. *See Lewis*, 518 U.S. at 356. He must show "that his position as a litigant was prejudiced" as a direct result of the denial of access. *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996).

Plaintiff admitted at the *Spears* hearing that any delay in filing this lawsuit has caused him no prejudice. He provided no dates or details, and could not state that he would have filed his claims challenging the 2012 Rockport arrest timely but for the actions of defendants. Moreover, the First Amendment serves to protect only *nonfrivolous* claims. *Jones,* 188 F.3d at 325. Plaintiff's § 1983 claims against the Rockport police challenging his 2012 arrest on a traffic citation would be subject to dismissal based on qualified immunity and do not merit First Amendment protection.

Thus, it is respectfully recommended that Plaintiff's denial of access to the courts claim be dismissed with prejudice.

(5) *Ramadan meals.*

Plaintiff testified that, during Ramadan, unidentified members of the Aransas County Detention Center kitchen staff violated his First Amendment right to practice his faith by "trying to prevent him from fasting."   Plaintiff has not alleged any specific dates or facts nor has he explained how the unidentified correctional officers interfered with his right to practice his religion.   The allegations are purely conclusory.  The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555.  However, such factual allegations must be specific and not mere conclusory allegations. *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir.2000).  A court "will [ ] not accept as true conclusory allegations or unwarranted deductions of fact." *Id.*

Plaintiff does not allege that food was withheld or that his nutritional needs were not met and he fails to allege how he was prevented from fasting.  He testified only that his meals were served to him at regular times, but he was permitted to keep the meal and consume it on his own schedule.   Plaintiff has not alleged an injury.    Therefore, Plaintiff's wholly conclusory allegations against the Aransas County Detention Center kitchen staff are insufficient to withstand scrutiny under § 1915(e) and 1915A and are

subject to dismissal as frivolous.   Therefore, it is respectfully recommended that these claims be dismissed.

(6)     *Excessive force.*

Plaintiff claims that Officer Blind maliciously and sadistically used excessive force causing him injury on an unspecified date.   The Supreme Court recently ruled that, to prevail on an excessive force claim, a pretrial detainee need only show that the force used knowingly and purposely against him was objectively unreasonably in violation of the Fourteenth Amendment's due process clause, rather than malicious and sadistically to cause harm in violation of the Eighth Amendment.   *See Kingsley v. Hendrickson,* 135 S. Ct. 2466, 2473-74 (June 22, 2015).

For purposes of § 1915A, and taking Plaintiff's allegations as true, he has stated a viable cause of action against Officer Blind.   Plaintiff claims that Officer Blind essentially assaulted him without cause or provocation.   Plaintiff alleges Officer Blind purposely and forcefully threw his arms over his head and twisted them, and then forced Plaintiff to the ground.   Plaintiff was taken to medical and prescribed an antibiotic ointment for the small lacerations caused by Officer Blind's fingernails digging into Plaintiff's skin.   In addition, Plaintiff testified that he did not have the use of his left arm for three weeks.   These allegations state a claim of excessive force, and it is respectfully recommended that Plaintiff's claim against Officer Blind be retained, and service ordered on this defendant.

## V.      RECOMMENDATION.

Plaintiff has stated a claim of excessive force against Aransas County Detention Center Officer Blind, and it is respectfully recommended that the Court retain this claim and order service on this defendant.  Plaintiff's remaining claims against the remaining defendants fail to state cognizable constitutional violations under 42 U.S.C. § 1983. Thus, it is respectfully recommended that all remaining claims and all remaining defendants be dismissed with prejudice for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. § § 1915(e)(2) and 1915A(b)(1).

Respectfully submitted this 6th day of January, 2016.

Jason B. Libby
United States Magistrate Judge

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).