United States District Court
Southern District of Texas
**ENTERED**
March 15, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ARTAVIAS T EDWARDS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-207 |
| | § | |
| TEXAS BOARD OF PARDONS AND | § | |
| PAROLES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING MOTION TO RECUSE

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Pending are Plaintiff's motions to recuse the undersigned magistrate judge. (D.E. 44, 46). This case has been assigned to the undersigned for case management, ruling on non-dispositive motions and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.[1] Plaintiff complains the undersigned denied his request for counsel, denied his request for discovery and issued a memorandum and recommendation to dismiss most of Plaintiff's claims. (See D.E. 6, 16, 29). Plaintiff also complains he never gave his consent for a magistrate judge to preside over his case. The orders regarding discovery, Plaintiff's request for counsel and the memorandum and recommendation were done pursuant to 28 U.S.C. § 636(b)(1). *See, e.g., Newsome v. E.E.O.C.,* 301 F.3d 227, 230 (5th Cir. 2002) (per curiam) (consent is not required to refer a dispositive motion to a

---

[1] *See* Special Order No. C-2015-1 on file with the United States District Clerk for the Southern District of Texas.

magistrate judge); *accord Brunig v. Clark,* 560 F.3d 292, 294 (5th Cir. 2009) (quoting *Newsome*).

To the extent Plaintiff is seeking the undersigned magistrate judge recuse himself from this action, such a request is without basis. He asserts:

> U.S. Magistrate Libby while dealing with Federal custody inmates which the city of Rockport and Aransas County Detention Center houses Federal inmates who U.S. Magistrate Judge Jason Libby interacts with, speaks to, magistrates, sets bond for and denies bond against while even sentencing some of them. So the clearly displayed bias comes from his Magistrate Jason Libbys working and obtained personal relationships with the very same public servants for which I am challenging the conduct of my 42 U.S.C. § 1983 civil complaint. (D.E. 44, p. 5).

Plaintiff further asserts that the undersigned has a financial interest in the outcome of the instant case because the federal government houses inmates at the Aransas County Detention Center. Presumably, he believes the undersigned is biased in favor of Aransas County officials because federal detainees are held in facilities in Aransas County. He believes a conflict of interest exists because of this arrangement. (D.E. 44, p. 6). Federal inmates who appear in this Court are housed in numerous counties and detention facilities around the Southern and Western Districts of Texas. This arrangement presents no conflict in the present case. Further, the Supreme Court has explained "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555, (1994) (citing *United States v. Grinnell Corp.,* 384 U.S. 563, 583, (1966)); *accord United States v. Landerman,* 109 F.3d 1053, 1066 (5th Cir. 1997) (quoting *Liteky*, 510 U.S. at 555); *United States v. MMR Corp.,* 954 F.2d 1040,

1045 (5th Cir. 1992) ("adverse rulings in a case are not an adequate basis for demanding recusal") (citations omitted). The Fifth Circuit has indicated, a "judge's rulings should constitute grounds for appeal, not for recusal." *Landerman,* 109 F.3d at 1066 (citing *Liteky,* 510 U.S. at 555).

Accordingly, Plaintiff's motions for recusal, (D.E.44, 46), are DENIED.

ORDERED this 15th day of March, 2016.

*signature*
Jason B. Libby
United States Magistrate Judge